Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAY EDWARD CUNNINGHAM, JR.,**

    **Plaintiff,**

vs.                                                       **Case No. 4:21cv414-WS-MAF**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, and**
**CENTURION OF FLORIDA, LLC,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

This action was commenced in state court on September 8, 2021, and removed to this Court on October 18, 2021, by Defendant Centurion of Florida LLC [hereinafter "Centurion"]. ECF No. 1. After being granted an extension of time, Centurion filed a motion to dismiss, ECF No. 9, on November 5, 2021. On November 28, 2021, Plaintiff filed a suggestion of death on the record and a motion to stay this proceeding. ECF No. 11. Plaintiff's counsel advised that it had recently been discovered that Plaintiff "Ray Cunningham passed away on September 29, 2021," after case

initiation. ECF No. 11 at 1. An Order was entered noting the suggestion of death, but advising Plaintiff to comply with Rule 25's requirement that the "statement noting death must be served" on all parties and the "personal representative of the deceased party." ECF No. 12 at 4. Plaintiff then filed a separate, amended motion to stay, ECF No. 14, on December 7, 2021. The amended motion was granted, ECF No. 15, and this case was stayed as of December 14, 2021, pending appointment of the personal representative who could appropriately continue this case. ECF No. 15.

Since then, Plaintiff was required to file a status report every three months. *Id.* The first two status reports were timely filed. ECF Nos. 23 and 25. Thereafter, the filing of reports generally happened only after issuance of two Orders to Show Cause, ECF Nos. 26 and 34, and entry of a Report and Recommendation, ECF No. 27, which was subsequently vacated. ECF No. 29.

In April 2023, Plaintiff filed a sixth status report after issuance of an Order to Show Cause. ECF Nos. 34, 36. In light of the expressed desire to continue this litigation, dismissal was not recommended. However, the Order advised that the necessity for remaining in contact with counsel should be clearly explained to Plaintiff's wife, the person pursuing this case

and desiring to be appointed personal representative. ECF No. 37. "Lack of contact suggests lack of interest," and counsel was informed that "issuance of a third Order to Show Cause may not result in favorable results." *Id.* Counsel was required to file a seventh status report by June 30, 2023. *Id.* As of this date, no report has been filed.

In light of the repeated failure to timely file status reports and the apparent lack of interest in pursuing this case, it does not appear that this case should be continued. It is recommended that this case be dismissed without prejudice for failure to prosecute. In making that recommendation, the Court notes that it is unknown whether or not the re-filing of this case would be barred by the statute of limitations because the complaint does not provide any date during which Plaintiff Ray E. Cunningham, Jr., was given - or denied - medical care during his incarceration. The complaint provides no dates of medical issues, requests for care, and fails to clarify when Plaintiff was incarcerated in the Department of Corrections.[1] ECF No. 1. Nevertheless, this case cannot continue with repeated failures to file status updates or pursue the steps necessary to properly litigate this case.

---

[1] The Court has confirmed through the Florida Department of Corrections' Offender Network website that Ray E. Cunningham, Jr., was released from custody on September 14, 2018.

Case No. 4:21cv414-WS-MAF

It should not take continued prompting from this Court to file status reports as required by Court Orders.

There has been an apparent lack of interest in pursuing this case from the outset. Notably, this case was removed to this Court in October 2021, ECF No. 1, after Centurion was served with process on September 27, 2021. After Centurion filed a motion to dismiss on November 5, 2021, an Order was entered which noted that there was no indication that the Department of Corrections had been served with process. ECF No. 10 at 1-2. Thus, Plaintiff was required to demonstrate by December 7, 2021, that the Department had been served with process. *Id.* at 2. On that deadline, a blank summons was submitted to the Court for issuance, but there was no indication that Plaintiff had ever previously served the Defendant. Indeed, no motion was filed to request an extension of time in which to serve the Department, and no response was filed addressing when prior efforts to serve the Department of Corrections had been made, if any effort was undertaken. Instead, the issue of service was not addressed and Plaintiff simply filed the motion to stay this case. ECF No. 14.

The lack of progress and compliance with Court Orders inherently demonstrates the lack of a true case or controversy which remains to be

litigated.  It appears that this case should be dismissed.  If, and when, a proper person is appointed to litigate this case on behalf of Ray Cunningham, Jr., the case could be re-filed.  If the re-filing would be barred by the statute of limitations, that fact highlights the lack of importance in meeting Court deadlines and filing status reports and demonstrates that no case or controversy remains.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the stay be **VACATED** and this case be **DISMISSED** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2023.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within

**fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**