IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARGHERITA CUNNINGHAM, as**
**personal representative of the estate of**
**RAY CUNNINGHAM, JR.,**

    **Plaintiff,**

v.                                                                                   Case No. 4:21-cv-414-AW-MAF

**CENTURION OF FLORIDA, LLC,**

    **Defendant.**

_____/

## FINAL ORDER

Plaintiff's amended complaint against Centurion of Florida, LLC, alleges deliberate indifference toward Ray Cunningham's hepatitis and bone spurs.[1] ECF No. 80. Centurion moved to dismiss, and Plaintiff responded. ECF Nos. 82, 88. The magistrate judge issued a report and recommendation concluding, among other things, that Plaintiff has not stated a claim and that the statute of limitations bars any claim. ECF No. 89. Plaintiff filed objections, to which Centurion responded. ECF

---

[1] The operative complaint names Ray Edward Cunningham, Jr., as the plaintiff. But because Ray Cunningham is deceased, *see* ECF No. 80 ¶ 41, and as Centurion notes, "it is unclear why the [operative complaint was] not brought by his estate's personal representative, as was the prior complaint," ECF No. 82 at 1 n.2. Plaintiff responds that this was a scrivener's error. ECF No. 88 at 14. Because both sides proceed as though the estate were the plaintiff, I will do the same.

The operative complaint also lists the Florida Department of Corrections in the case style. ECF No. 80 at 1. But this too is a scrivener's error. The court dismissed claims against DOC, and the operative complaint does not include any new claims against it.

1

Nos. 90, 92. Having considered the matter de novo, I now dismiss for three independent reasons.

As to the statute of limitations, Plaintiff does not dispute that the operative complaint came more than four years after the cause of action accrued.[2] Plaintiff's argument is that the claim relates back to the 2021 complaint. ECF No. 90 at 6; *see also* Fed. R. Civ. P. 15(c). "Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018). This applies only when the facts in the earlier complaint "put the defendant on notice that the new claims . . . might be asserted." *Id.* Here, the earlier complaint did not put Centurion on notice of the newly asserted claim. Instead, the new claim "involved separate and distinct conduct." *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993); *see also* Fed. R. Civ. P. 15(c)(1)(B) (stating the amendment must relate to the same "conduct, transaction, or occurrence").

---

[2] The latest date Plaintiff's claim could have accrued is January 2018 for hepatitis C and February 2018 for the bone spurs. *See* ECF No. 80 ¶ 38 (stating when Ray Cunningham began Epclusa); *id.* ¶ 48 (stating when doctor decided not to treat bone spurs); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding statute of limitations begins to run when "the plaintiff has a complete and present cause of action."). The operative complaint was filed in May 2025, well after the four-year statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (noting that Florida's four-year statute of limitations applies to § 1983 claims arising in Florida).

Although the general legal theory (deliberate indifference) is the same, the claim is not. The earlier complaint claimed deliberate indifference to Ray Cunningham's breathing issues (which the VA diagnosed as pneumonia), ECF No. 1-1 ¶¶ 24-25, but the amended complaint concerns hepatitis C and bone spurs—different health issues with different treatment standards. *Cf. United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (stating that one "type of ineffective assistance" does not relate back to a later asserted ineffective assistance claim "based upon an entirely distinct type of attorney misfeasance").

In objecting to the report and recommendation, Plaintiff contends Centurion had actual notice of the hepatitis C claim because it received a "Notice of Claim." ECF No. 90 at 6. But Rule 15(c) is not concerned with actual notice. *See Moore*, 989 F.2d at 1131 ("The critical issue in Rule 15(c) determinations is whether *the original complaint* gave notice to the defendant of the claim now being asserted." (emphasis added)). The statute of limitations bars the claim.

Second, and as an independent reason to dismiss, the operative complaint does not state a claim for deliberate indifference. A deliberate-indifference claim requires a showing of (1) a deprivation that is, "objectively, sufficiently serious," and (2) "subjective recklessness as used in the criminal law." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (cleaned up).

3

As to hepatitis, the complaint does not allege facts showing Centurion was subjectively aware that its conduct could put Cunningham at substantial risk of serious harm. In fact, the operative complaint does not even show that Centurion acted unreasonably. *Cf. id.* at 1255 (stating that a defendant "cannot be found liable under the Eighth Amendment" if the defendant "responds reasonably"). As the magistrate judge recognized, there are "no allegations that Centurion refused to provide treatment or delayed necessary treatment." ECF No. 89 at 20. The complaint acknowledges that Centurion monitored Cunningham's medical condition, prescribed medication, and discussed disease management. ECF No. 80 ¶¶ 24, 27-28, 34-36, 38. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)) (cleaned up). Although *Hoffer* makes clear that cost is not an excuse for providing deficient care, *see id.* at 1277, there are no well-pleaded factual allegations showing Cunningham received inadequate care or that his care was dictated by cost.

And as to the bone spurs—which I will assume for now constitutes a serious medical need—the complaint likewise fails to plausibly allege deliberate indifference. No well-pleaded allegations plausibly show Centurion acted with

4

subjective recklessness. Cunningham complained of intense pain to his right heel and requested sick calls. ECF No. 80 ¶¶ 44-47. After a sick call, the prison doctor "told him there was nothing that could be done to treat the bone spur problem." *Id.* ¶ 48. No allegations plausibly suggest this lack of treatment was constitutionally inadequate.

There is yet another independent reason why Plaintiff's claim fails. Centurion can be liable only if a policy or custom caused Cunningham's injuries. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). Here, there is no plausible allegation of any policy or custom. The complaint does include conclusory references to an "unofficial policy and practice of delaying and denying treatment to save the company money." ECF No. 80 ¶ 26. For instance, the complaint offers examples of other prisoners in other prisons whose treatment was allegedly deficient because of Centurion's cost concerns. This is not enough.

First, considering cost is not, by itself, unconstitutional. *See Hoffer*, 973 F.3d at 1276-77. Second, Plaintiff has not adequately pleaded any connection between cost and treatment generally, *see, e.g.*, ECF No. 80 ¶ 9 (stating, without any supporting factual allegations, that medical staff decided not to provide life-saving medical intervention because Centurion wanted "to keep the related cost down"), or Cunningham's situation specifically. The complaint simply asserts the treatment

5

decisions were "heavily influenced by Centurion's unofficial policy" of saving company money. *Id.* ¶ 26. This is too conclusory. There is, in short, no plausible claim of harm based on a Centurion policy.

The report and recommendation (ECF No. 89) is adopted to the extent consistent with this order. The motion to dismiss (ECF No. 82) is GRANTED. The clerk will enter a judgment that says, "Plaintiff's claim is dismissed on the merits for failure to state a claim and based on the statute of limitations." The clerk will then close the file.

SO ORDERED on December 23, 2025.

s/ *Allen Winsor*
Chief United States District Judge
